IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| RAYMOND GEARHART, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 14-3197-CV-ODS |
| WARDEN LINDA SANDERS, DR. SHAWN RICE, and DR. ELIZABETH WEINER, | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter has been referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(e), for a report and recommendation on the pending Motion for Summary Judgment filed by Defendants Linda Sanders, Shawn Rice, and Elizabeth Weiner (Doc. 15). For the reasons set forth below it is **RECOMMENDED** that the motion be **GRANTED** and the case **DISMISSED**, and that all other pending motions be found **MOOT**.

### BACKGROUND

Plaintiff Raymond Gearhart, an inmate in the United States Medical Center for Federal Prisoners (USMCFP), in Springfield, Missouri, is not a stranger to federal litigation. He has filed at least fifteen civil complaints and habeas petitions in the Western District of Missouri since 2005, alleging various violations of his constitutional rights at the hands of staff members at USMCFP.[1] On May 2, 2014, Gearhart filed a document that the Court construed as a civil

---

[1] See *Gearhart v. USMCFP Medical Staff*, Case No. 05-3405-DW (W.D. Mo. filed August 25, 2005); *Gearhart v. United States*, Case No. 06-3074-RED (W.D. Mo. filed February 24, 2006); *Gearhart v. United States*, Case No. 08-3425-DGK (W.D. Mo. filed November 17, 2008);

rights complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Gearhart made three claims: (1) the medications Bureau of Prisons' doctors forcibly give him to treat his mental illnesses are causing permanent physical problems; (2) he was denied due process in the 2005 hearing in which it was determined that he would be forcibly medicated; and (3) he was physically assaulted by unspecified medical staff on unit 10-A at USMCFP (Doc. 1).[2]

In lieu of an answer, on July 14, 2014, the defendants, Linda Sanders, Warden at USMCFP; Shawn Rice, M.D, Gearheart's treating psychiatrist at USMCFP; and Elizabeth Weiner, Ph.D., Gearhart's treating psychologist at USMCFP, filed a Motion for Summary Judgment requesting entry of judgment in their favor because (1) sovereign immunity bars claims against the defendants in their official capacities; (2) the defendants were not personally involved in the alleged constitutional violations; (3) the plaintiff has not demonstrated the

---

*Gearhart v. Anderson*, Case No. 10-3283-RED (W.D. Mo. filed July 21, 2010); *Gearhart v. United States*, Case No. 11-3224-ODS (W.D. Mo. filed June 28, 2011); *Gearhart v. Castillo*, Case No. 13-3176-BCW (W.D. Mo. filed April 23, 2013); *Gearhart v. Sanders*, Case No. 13-3183-BCW (W.D. Mo. filed April 29, 2013); *Gearhart v. United States*, Case No. 13-3211-DGK (W.D. Mo. filed May 2, 2013); *Gearhart v. Sarrazine*, Case No. 13-3212-DW (W.D. Mo. filed May 6, 2013); *Gearhart v. Castillo*, Case No. 13-3213-DGK (W.D. Mo. filed May 6, 2013); *Gearhart v. Sanders*, Case No. 13-3244-JFM (W.D. Mo. filed June 6, 2013); *Gearhart v. Sanders*, Case No. 13-3245-JFM (W.D. Mo. filed June 6, 2013); *Gearhart v. Castillo*, Case No. 13-3279-BCW (W.D. Mo. filed July 3, 2013); *Gearhart v. Sanders*, Case No. 13-3325-JFM (W.D. Mo. filed August 2, 2013); and *Gearhart v. Sanders*, Case No. 14-3197-ODS (W.D. Mo. filed May 2, 2014) (the instant case).

[2] The Court notes that Gearhart filed two "amended complaints" without seeking leave to amend. The first amended complaint, filed July 18, 2014 (Doc. 22), did not state any new claims. The second amended complaint, filed August 13, 2014 (Doc. 27), attempted to add three new defendants (Doctor Sarrazine, Officer Hudson, and Officer Rhodes) and additional facts regarding the alleged use of excessive force, which Gearhart had already "set aside" without prejudice in his response to the Defendants' Motion for Summary Judgment filed August 8, 2014. To the extent it is necessary to clarify the docket, the undersigned **RECOMMENDS** that these two amended complaints be stricken, and any potential claims therein be **DISMISSED without prejudice**.

violation of any of his constitutional rights; and (4) the defendants are entitled to qualified immunity. Defendants support their motion for summary judgment with affidavits of the defendants and exhibits thereto which include, among other things, medical and administrative records (Doc. 15).

Gearhart filed a response to the Motion for Summary Judgment in which he states that he has been deprived of constitutionally adequate medical care by being overmedicated, which has led or will lead to long-lasting injury. He argues that Warden Sanders is personally responsible for his unconstitutional treatment because she is aware of the violations, yet has turned a blind eye to them. He contends that Dr. Weiner is personally responsible for constitutional deprivations because she "has failed to provide him with an effective, intensive, and structured therapeutic program for his condition" (Doc. 26).

In his response, Gearhart agrees to "narrow the issues" in the case by setting aside "without prejudice" his claims regarding violations of due process at his initial forced medication hearing, and his claims of assault by medical staff.[3] Gearhart thus states that the only question before the Court concerns his "being forced to take powerful anti-psychotic drugs that cause significant injury to his person when those drugs are not even indicated for his primary condition." Gearhart argues that this issue is not a "mere disagreement" about the course of his medical treatment at the prison. He states, "Dr. Rice has an actual animus against Mr. Gearhart and is engaged in a practice of deliberately using forced antipsychotropic medications, not for legitimate treatment, but to render Mr. Gearhart more manageable within a correctional environment, and that Dr. Rice knows about but is indifferent to the harm these drugs are causing" (Doc. 26). Gearhart supports his response with his own affidavit which states,

---

[3] Accordingly, the Court recommends that the due process and excessive force claims raised in the complaint be **DISMISSED without prejudice.**

3
Case 6:14-cv-03197-ODS   Document 34   Filed 12/01/14   Page 3 of 14

> I have been diagnosed as being Borderline Personality Disorder. I am not truly psychotic and sometimes have done things to make people think I am because I am afraid to leave prison. For 10 years I have been forced to take medications that are causing me harm. I have not wanted to take them because they make it harder for me to think right. They make me feel like I cannot walk at times. They make me hungry and make me sleep all the time. I weighed 180 pounds when I came in and now I weigh well over 300 pounds. My chest hurts sometimes and I have trouble breathing when I lie down or when I am sleeping. I would have been in state placement years ago had I not been forced to take the medicine. If I had a real treatment program like the one I am on now ten years ago I would have been better by now. I was just getting worse and worse over the years, and I have been misdiagnosed by Dr. Rice on purpose so that he can medicate me because I sometimes act out. I have made my complaints known to the warden and to everyone I can. I need help from the Court in order to get the right treatment because Dr. Rice and the Warden just want to punish me. Dr. Weiner is nice to me but she has not been able to get me a program. The program I am on now is a good one and it is really helping me get myself together, but Dr. Weiner, Dr. Rice and the Warden will not support it. Dr. Weiner told me on 7-9-2014 that it was better for me to be sedated and not doing a lot of activities. I know that I have a mental disorder. I know that I have Borderline Personality Disorder and that it requires intense programming and I do really well with programs when I am not being affected by the medication. I also know that I do need some medication and I have no objection to taking some but the dose of Invega is way too high for me. The records from medical show how much progress I have made since June 2014 when I started the Personality Program Manual with another inmate. I want to stay on the program and receive incentives to do so, and I want to get my medication reduced. I honestly believe I will do much better now if the doctors and administration will help me instead of hurting me. I do not see how in the world it would hurt to support me in my current programming and reduce the medication to a tolerable level. The pain and suffering and anxiety that this medication and not having a real program has caused me is a lot. I please ask the Court to help me as much as you can. I am also putting the medical papers with my statement to show that it is a good program that is really working for me. Thank you.

(Doc. 26-1.)

In reply, the Defendants reiterate that they are entitled to summary judgment because Gearhart has not demonstrated the existence of any genuine issues of material fact and defendants are entitled to judgment as a matter of law (Doc. 28).

## FINDINGS OF FACT

The Court summarizes the essential facts as set forth by the Defendants in the Motion for Summary Judgment and supporting exhibits:

On July 12, 2005, at the end of a term of imprisonment in the Federal Bureau of Prisons for being a felon in possession of ammunition, this Court ordered Gearhart civilly committed pursuant to 18 U.S.C. § 4246, on the basis that he suffered from a mental disease or defect, and his unconditional release would create a substantial risk of bodily injury to another person or serious damage to the property of others. To date, Gearhart has been continuously committed pursuant to the statute.

On August 31, 2005, USMCFP officials held a hearing to determine whether Gearhart should be involuntarily medicated with antipsychotic medication. Gearhart received advance written notice of the hearing, he appeared in person, he was advised of his rights, he received staff representation, he received the opportunity to call witnesses, but chose not to call any, and he made a statement on his own behalf. The hearing was conducted by a psychiatrist at USMCFP who was not involved in Gearhart's treatment. The decision to medicate Gearhart was upheld on administrative appeal.[4]

---

[4] The Court previously ruled that Gearhart was not denied due process in the August 31, 2005, hearing. The Court of Appeals for the Eighth Circuit affirmed. *See Gearhart v. Castillo*, Case No. 10-3283-RED, 2013 WL 1742138 (W.D. Mo. filed April 23, 2013), *aff'd*, Case No. 13-2123, 560 F. App'x 622 (8th Cir. filed February 11, 2014); *Gearhart v. Castillo*, Case No. 11-3224-ODS, 2013 WL 1933878 (W.D. Mo. filed May 9, 2013), *appeal dismissed*, Case No. 13-2308 (8th Cir. filed November 7, 2013). Although not raised in this action, Defendants, arguably, have a colorable claim that Gearhart is precluded from raising the due process issue in this or any other subsequent action under the doctrine of collateral estoppel. *See Irving v. Dormire*, 586 F.3d 645 (8th Cir. 2009).

In all cases at USMCFP in which in inmate is involuntarily medicated, a psychiatrist not assigned as the inmate's attending psychiatrist, conducts a review of the necessity of the inmate's continued involuntary medication every 30 days. Gearhart has received such a review every 30 days by a psychiatrist not directly involved in his diagnosis or treatment. Each reviewing psychiatrist has determined that involuntary medication remains necessary.

In addition, Gearhart has received annual risk assessment reviews from a Risk Assessment Panel at USMCFP as required by 18 U.S.C. § 4247(e).[5] The 2014 Risk Assessment Panel Report, filed June 12, 2014, diagnosed Gearhart with Schizoaffective Disorder, Bipolar Type; Generalized Anxiety Disorder; and Borderline Personality Disorder, and recommended continued civil commitment because Gearhart's release would pose "a danger to others or their property because of his mental illness if he were released to the community before he is compliant with medication and able to demonstrate safe behavior outside of a locked cell" (Doc. 16-1, Declaration of Shawn Rice, M.D., Attachment C).

*Defendant Rice*

Defendant Shawn Rice has been Gearhart's treating psychiatrist since 2006. Rice meets with Gearhart regularly for medication control and adjustment. Rice has treated Gearhart with antipsychotic, anti-anxiety, and mood-stabilizing medications. Despite Rice's attempts to encourage regular compliance and to educate Gearhart about the benefits of medication for treating his conditions, Gearhart is frequently non-compliant with prescribed medications. Generally, Gearhart will comply for a short period of time, then request a change in dosage or a different medication. Gearhart has been particularly non-compliant with mood stabilizers.

---

[5] *See United States v. Gearhart*, Case No. 05-3139-MDH (W.D. Mo. filed May 9, 2005), Documents 16 (2006), 23 (2007), 24 (2008), 25 (2009), 27 (2010), 28 (2011), 29 (2012), 30 (2013), and 31 (2014).

Despite his years of treatment, Gearhart's level of functioning has improved very little. As noted above, he has demonstrated varying patterns of compliance with medication and corresponding varying degrees of functioning. In 2014 alone, Gearhart has cycled among the open, semi-open, and locked mental health units at USMCFP as a result of belligerent, argumentative, and hostile behavior; self-mutilation; and destruction of property. Gearhart reports significant anxiety, yet will not take anxiety-reducing or mood-stabilizing medications, leading to a decline in his functioning. Dr. Rice avers that he will continue to attempt to educate Gearhart regarding the importance of compliance with prescribed medications. Dr. Rice opines, however, that it is not currently in Gearhart's best medical interest to discontinue the use of antipsychotic medications.

Rice acknowledges that unwanted side effects may accompany use of medications, particularly antipsychotic medications. But Rice avers that Gearhart is evaluated regularly by a staff physician, who monitors his physical health, screens Gearhart for signs of known side effects, and orders monthly laboratory testing to monitor organ functioning and other medical conditions related to medication usage. Records reflect, however, that Gearhart has refused regular lab testing, despite his complaints of side effects or potential side effects (Doc. 16, Declaration of Shawn Rice, M.D.).

*Defendant Sanders*

As warden at USMCFP, Defendant Linda Sanders does not prescribe medications or provide medical or psychiatric treatment of inmates. Sanders is responsible for the overall operation of the medical center, but she relies upon the opinions of the medical professionals and defers to their medical judgment in making treatment decisions. Sanders has never been

7
Case 6:14-cv-03197-ODS   Document 34   Filed 12/01/14   Page 7 of 14

personally responsible for Gearhart's medication regimen (Doc. 16, Declaration of Linda Sanders).

*Defendant Weiner*

Defendant Weiner is Gearhart's treating psychologist. Weiner does not prescribe medication or make any decisions regarding Gearhart's medication regimen. Like Warden Sanders, Doctor Weiner defers to the judgment of the medical doctors who coordinate Gearhart's care. Doctor Weiner encourages Gearhart to comply with the medical treatment of his psychiatrist, but Doctor Weiner herself has no part in prescribing or modifying Gearhart's medications (Doc. 16, Declaration of Elizabeth Weiner, Ph.D.).

*Gearhart's Response to the Motion for Summary Judgment*

In response, Gearhart stated, generally, "the material facts at issue are: (i) the actual diagnosis, (ii) the standard treatment for the diagnosis, (iii) the action or lack of actions from the care providers, and (iv) the results of the actions or lack of actions from the care providers.

CONCLUSIONS OF LAW

*Motion for Summary Judgment*

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Popp Telecom, Inc. v. American Sharecom, Inc.,* 361 F.3d 482, 487 (8th Cir. 2004). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Johnson v. Crooks*, 326 F.3d 995, 1005-06 (8th Cir. 2003). A moving party is entitled to judgment as a

8

matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.*

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Vaughn v. Roadway Express, Inc.*, 164 F.3d 1087, 1089 (8th Cir. 1998). After the moving party has made that showing, the burden shifts to the non-moving party to demonstrate the presence of a genuine issue for trial. *See Beyer v. Firstar Bank, N.A.*, 447 F.3d 1106, 1108 (8th Cir. 2006). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (quoting *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)). Unsupported self-serving or conclusory statements in an affidavit are insufficient to defeat summary judgment. *See Armour and Co., Inc. v. Inver Grove Heights*, 2 F.3d 276, 279 (8th Cir. 1993).

***Civil Rights Claims Under <u>Bivens</u>***

In *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (quoting *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66 (2001)). Liability under *Bivens* is limited to individual government officials in their personal capacities. *Malesko*, 534 U.S. at 72. The Court has declined to extend liability under *Bivens* to federal agencies, *see Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471 (1994), or to employers or supervisors under a theory of *respondeat superior*, *see Iqbal*, 556 U.S. at 675-76 ("[E]ach Government official, his

9

or her title notwithstanding, is only liable for his or her own misconduct"). To make out a *Bivens* claim, a plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. *See also Wilson v. Northcutt*, 441 F.3d 586, 591 (8th Cir. 2006).

### *Deliberate Indifference to a Serious Medical Need*

The Eighth Amendment prohibits the infliction of "cruel and unusual" punishment upon prisoners. The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). In order to prevail on such a claim, the Plaintiff must first show that he suffers from an "objectively serious medical need," and that prison officials "knew of but deliberately disregarded" the need. *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)).

"Deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'" *Estelle*, 429 U.S. at 104 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). An inmate must show "more than negligence, more even than gross negligence," and more than "mere disagreement with treatment decisions" to demonstrate a violation of the constitution. *Jolly*, 205 F.3d at 1096 (quoting *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)). An inmate must establish a defendant's mental state "akin to criminal recklessness: disregarding a known risk to the inmate's health." *Vaughn v. Gray*, 557 F.3d 904, 908 (8th Cir. 2009) (quoting *Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006)). "But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer v. Brennan*, 511 U.S. at 838.

## DISCUSSION

Gearhart has failed to demonstrate the existence of a genuine issue of material fact whether any Defendant acted with deliberate indifference to his serious medical needs. The records submitted by Defendants demonstrate that neither Sanders, Rice, nor Weiner acted with deliberate indifference to Gearhart's serious medical needs. The records submitted show the opposite: that Gearhart received thorough, consistent medical treatment in an effort to ameliorate the symptoms and effects of his mental illness. To demonstrate the existence of a genuine issue for trial, Gearhart must show that the Defendants acted with the requisite state of mind—akin to criminal recklessness—to constitute deliberate indifference.

Gearhart's declaration, cited above, demonstrates that he believes the medications prescribed by Doctor Rice make it difficult for him to "think right," make him hungry and tired, and have made him gain weight. Gearhart states that Defendant Rice acted with the requisite state of mind by "deliberately using forced antipsychotropic medications, not for legitimate treatment, but to render Mr. Gearhart more manageable within a correctional environment, and that Dr. Rice knows about but is indifferent to the harm these drugs are causing." He states he is participating in a program directed by another inmate, and that program is helping him. He asks that officials at USMCFP support his program and lower his dosages of medication.

While provocative, such unsupported conclusory statements are not sufficient to raise a genuine issue of fact for trial in the face of hundreds of pages of medical records which show Doctor Rice provided Gearhart with regular, systematic mental health treatment. Moreover, the Defendants have provided evidence that Gearhart frequently does not comply with the medications prescribed for him, and as a result, his behavior and mental state fluctuate erratically. When Gearhart makes progress on a medication regimen, he will request that the

dosage be changed, the medication be substituted for another, or he will discontinue taking or inconsistently take medications at his choosing. Gearhart's non-compliance hinders Doctor Rice from determining the efficacy of the prescribed medications. Gearhart offers no evidence, other than his own unsupported and conclusory statements, to counter the evidence submitted in support of the statements of Doctor Rice. And Gearhart's own statements confirm that he disagrees with Doctor Rice's course of treatment. An inmate's disagreement with a doctor's course of treatment is insufficient to show a violation of the constitution unless the inmate can demonstrate that the doctor acted with deliberate indifference to the inmate's health and safety. *See Jolly v. Knudsen*, 205 F.3d at 1096. Gearhart's affidavit makes no such showing. As such, Gearhart has not demonstrated the existence of a genuine issue of material fact as to whether Rice, Sanders, or Weiner acted with the state of mind necessary to constitute deliberate indifference. Thus, Gearhart has failed to demonstrate a violation of a constitutional right under a *Bivens* theory.

Furthermore, Gearhart has failed to demonstrate that Defendants Sanders and Weiner were personally responsible for violation of any of Gearhart's constitutional rights. The allegations that relate specifically to Warden Sanders are all premised upon her role as a supervisor. Gearhart urges that Defendant Sanders had knowledge that he was being administered medications in violation of his constitutional rights, but turned a blind eye to the mistreatment. He argues that Warden Sanders' behavior amounted to deliberate indifference to his serious medical needs. But Defendant Sanders provides evidence to support her factual statements that as the warden she is not responsible for, nor is she qualified to prescribe medications to Gearhart, and in fact she did not prescribe any medications to Gearhart. Gearhart has not provided any evidence to support his conclusory statements that Sanders was aware of

12
Case 6:14-cv-03197-ODS   Document 34   Filed 12/01/14   Page 12 of 14

mistreatment but turned a blind eye to it. The Court thus finds Gearhart has made no showing that Defendant Sanders was personally responsible for depriving Plaintiff of any constitutional right. Thus, he has failed to demonstrate that Defendant Sanders is liable under a *Bivens* theory.

To the extent that Gearhart seeks to hold Defendant Sanders liable in her official capacity as warden at USMCFP, the Court notes that official-capacity lawsuits are, "in all respects other than name," actions against the United States. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Unless waived, the doctrine of sovereign immunity shields the United States and its agencies from suit. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994). There is no waiver of immunity for constitutional violations. *Id.* at 477. Accordingly, Defendant Sanders, in her official capacity as warden of USMCFP, is entitled to judgment as a matter of law.

Similarly, Gearhart has failed to show that Defendant Weiner was personally responsible for violation of his constitutional rights. He has offered no evidence to counter Defendant Weiner's assertions that as a psychologist she does not prescribe medication, nor does she make any decisions regarding Gearhart's medication regimen. Thus, Gearhart has failed to demonstrate a genuine issue of material fact that Weiner acted with deliberate indifference to his medical needs. Weiner is therefore not liable for a violation of Gearhart's constitutional rights under a *Bivens* theory.

Accordingly, the undersigned recommends that the Plaintiff has failed to make a claim of a violation of the Eighth Amendment for deliberate indifference to his serious medical needs by any Defendant. Thus, he has failed to demonstrate a violation of constitutional rights. The undersigned therefore recommends that Defendants are entitled to judgment in their favor.

## PENDING MOTIONS

Also pending before the Court are numerous *pro se* motions filed by Gearhart. Having recommended that the Defendants are entitled to summary judgment in their favor, the undersigned further recommends that the pending motions are **MOOT**. The undersigned notes that a number of Gearhart's motions request appointment of counsel. Gearhart has no constitutional or statutory right to court-appointed counsel in civil litigation. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007).

## CONCLUSION

In summary, the undersigned United States Magistrate Judge **RECOMMENDS** that Defendants Sanders, Rice, and Weiner are entitled to summary judgment on Plaintiff Gearhart's claim of deliberate indifference to his serious medical needs. Gearhart has withdrawn his due process and excessive force claims.

Accordingly, based on all the foregoing,

**IT IS HEREBY RECOMMENDED** that the Defendant's Motion for Summary Judgment (Doc. 15) be **GRANTED** and the case **DISMISSED**.

**IT IS FURTHER RECOMMENDED** that all pending motions be found **MOOT**.

**DATED:  December 1, 2014**

      /s/ *David P. Rush*
      **DAVID P. RUSH**
      **United States Magistrate Judge**